When this suit was brought, the contest was no doubt a real one, whether the defendant was liable for the relator's debt, as he would unquestionably have been if the money had not been made from the land. It is not material to consider whether that recovery could be given in evidence under the plea of conditions performed, inasmuch as the relator admitted satisfaction pro tanto of the damages arising from the breach suggested in the declaration, and only (213) claimed a verdict for enough to carry the costs. Whether he had sustained any damages which remained unsatisfied was the point. That he had, in legal contemplation, seems clear; for, although the money was ultimately raised, it was effected at an expense of money or labor which would not have been incurred if the defendant had pursued the direct and legal method of taking the goods. Ordinarily, indeed, the creditor has no concern whether a sheriff levy on goods or land, for it is not material to him, so that he gets his money at the return of the writ; and he, in fact, gets it without either more or less cost in any way, whether the sheriff take the one or the other kind of property. But it is not so with respect to executions issued by a justice of the peace, for the creditor is necessarily injured to some extent if the constable fail to levy on the goods when he can, and, instead of doing so, levy on land. It is so because a constable can sell goods and obtain satisfaction without any *Page 158 
further agency, direct or indirect, of the creditor, further than finally to secure his money; whereas, by levying on the land, he compels the creditor to be at the expense of employing an attorney to get the judgment affirmed or an order of sale and sue out execution, or, at least, puts the creditor to the trouble of attending in person to perform those acts for himself. It seems plain that in this way the creditor has an interest — one that is pecuniary — that a constable should levy on the personalty, when accessible to him, and not on the land, as by the former the creditor gets his debt without the loss of either time or money, while by the latter a loss of one or the other is unavoidable. Therefore, the relator must have sustained, at the least, the nominal damages assessed; and on that ground I agree with my brother Nash, that the judgment should be affirmed.
PER CURIAM. Judgment affirmed.
(214)